IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MARCUS HENRY,

                        Plaintiff,

    v.

NURSE STETTER and JAIME BARKER,

                        Defendants.

ORDER

17-cv-673-jdp

---

Plaintiff Marcus Henry, appearing pro se, is an inmate at Green Bay Correctional Institution. He alleges that when he was incarcerated at New Lisbon Correctional Institution, defendant nurses Stetter and Jaime Barker intentionally failed to get him prompt treatment for surgical stitches that had come undone, causing him a more painful recovery.

In a July 25, 2018 order, I denied Henry's motion for the court's assistance in recruiting him counsel, both because he had not shown that he had contacted three lawyers about representing him, and because it was too early to tell whether the case would be too complex for Henry to litigate himself.

The next day, Henry filed another motion for recruitment of counsel, Dkt. 21, in which he includes letters from two attorneys who have declined to represent him, and a third letter from a lawyer who requested more information from him. Henry does not explain whether he has communicated with this lawyer further. I encourage him to do so.

Even I concluded from this submission that Henry has met his burden to show that he attempted to recruit counsel himself, I would deny his current motion because I am still not persuaded that the case will be too complex for him. Henry says that he lacks legal knowledge and that it is difficult to access library materials. These barriers are common among pro se

prisoner litigants and are not in themselves reason to recruit counsel. Should Henry find that his ability to meet court deadlines is hampered by a lack of access to the law library, he should write the court about that and seek an extension of the relevant deadline. And it is still unclear whether the case will truly boil down to issues that are too complex for him to litigate.

Henry has also filed a letter that I construe to be a motion for an extension of time to provide his expert-witness disclosures until his motion for recruitment of counsel is decided. Dkt. 22. I will grant that request: his new deadline is December 6, 2018, and defendants may have until January 13, 2019, to supplement their already-filed disclosures.

Finally, Henry seeks to subpoena three potential witnesses: Dr. Martin, Dr. Lewandowski, and Nurse Johnson. Dkt. 23. Henry does not say whether he intends to subpoena them for depositions or for trial itself. If he means to depose these people, he will be required to pay the court reporter costs and witness fees. If he means to have them appear at trial, it is premature to consider the question because the case has not yet even reached the summary judgment stage. If he did eventually seek to subpoena them for trial, he would have to pay the daily witness fee and mileage costs. Given the meager funds in Henry's trust fund account—his average monthly balance was 11 cents when he filed this lawsuit, *see* Dkt. 6—it seems unlikely that he would be able to afford either option. I will deny his motion without prejudice, but Henry is free to refile his motion and explain in more detail which purpose he needs subpoenas for and whether he is prepared to pay the applicable fees.

In the meantime, I encourage Henry to contact any third party witness to see whether they would be willing to provide him with a written affidavit or declaration setting forth their testimony, and if the case heads to trial, whether they would be willing to testify voluntarily, so that Henry would not have to pay the associated fees and costs. I note that Lewandowski

and Johnson appear on defendants' expert-witness list, Dkt. 26, so Henry should also contact defendants to see whether they are already planning on having these witnesses come to trial.

ORDER

IT IS ORDERED that:

1. Plaintiff Marcus Henry's motion for the court's assistance in recruiting him counsel, Dkt. 21, is DENIED without prejudice to him renewing his motion in the future.

2. Plaintiff's motion for an extension of time to disclose his expert witnesses, Dkt. 22, is GRANTED. New expert-disclosure deadlines are listed in the opinion above.

3. Plaintiff's motion for subpoenas, Dkt. 23, is denied without prejudice.

Entered November 19, 2018.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge