IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MARCUS HENRY,

                        Plaintiff,

  v.                                                         ORDER

ANGELA STETTER and JAMIE BARKER,         17-cv-673-jdp

                      Defendants.

---

Plaintiff Marcus Henry, appearing pro se, is an inmate at Green Bay Correctional Institution. He alleges that when he was incarcerated at New Lisbon Correctional Institution, defendant nurses Angela Stetter and Jamie Barker intentionally failed to get him prompt treatment for surgical stitches that had come undone, causing him a more painful recovery.

Trial is scheduled for June 3, 2019. Henry has filed a series of documents concerning the case. Dkt. 50–52. He says that he learned at his deposition that the court had denied defendants' motion for summary judgment. Dkt. 50, at 1. I take him to mean that he did not receive a copy of my April 26, 2019 order, Dkt. 45, so I will direct the clerk of court to send another copy, along with another copy of the "trial preparation order" in which I explained procedures that this court uses to conduct trials, Dkt. 46.

Henry says that he "never got a chance to depose the defendants." Dkt. 50, at 1. But in denying his previous request to subpoena witnesses, I explained that he would have to pay the court reporter costs and witness fees. Henry did not follow up by suggesting that he attempted to depose defendants or anyone else. He does not specifically ask for time to do so or suggest that he would be able to pay for a deposition. So I will not address this issue further.

Henry says that defendants incorrectly state that Dr. Lewandowski performed his surgery, when it was really Dr. Martin who performed it. He says that the court did not approve Martin as a witness when he previously asked, instead approving Lewandowski. Dkt. 50, at 1. Henry is incorrect about the court having approved Lewandowski or any witness: the court does not consider which witnesses will be allowed to testify unless a party raises an objection about a potential witness, or there is a reason to challenge a subpoena. In particular, I have not approved or disallowed Drs. Lewandowski or Martin. In response to Henry's previous request to subpoena prison medical staffers including Lewandowski and Martin, I stated that he did not appear to have sufficient funds to pay for reporter costs and witness fees, but that Lewandowski was already listed on defendants' expert-witness list, so he should contact defendants to see whether they are already planning to have Lewandowski come to trial. Dkt. 29, at 2–3.

As for Henry's assertion that Martin—not Lewandowski—performed the initial surgery, that is a factual matter that should be easy for the parties to resolve before trial. It is true that defendants said in their summary judgment materials that Lewandowski performed the surgery, but there is reason to believe that this is incorrect. Henry's medical records show that he explicitly consented to have Martin perform the surgery, and the biopsy results list Martin as the "performing clinician." Dkt. 34-1, at 41, 68. I encourage defendants to inform Henry if they mistakenly identified the doctor in their summary judgment materials. If the parties genuinely dispute who performed the surgery and they believe that the identity of the surgeon is relevant, then they will have to present evidence at trial showing who actually performed the surgery.

Henry seeks to subpoena four witnesses: Dr. Martin, inmates Martize Sultan (Henry's cellmate during the events in question) and James Lee Powell (who saw Henry's wound), and correctional officer Cyle Keltner, Jr. (who saw blood from the wound soak through Henry's shirt). Dkt. 51. I take this to be a request for these proposed witnesses to testify at trial. But a subpoena is necessary only when the proposed witness refuses to testify voluntarily. Henry does not explain whether any of these proposed witnesses are willing to testify voluntarily or refuse to do so. So I will deny his motion, but that denial is without prejudice to him renewing it with more information, as explained in the preliminary pretrial conference order and the attachments to the trial preparation order. *See* Dkt. 46-1, at 33.

In the case of non-inmates Martin and Keltner, Henry does not explain whether he is willing and able to pay the daily witness fee and mileage costs. As I stated above, he does not appear to be able to pay those fees. With regard to the proposed inmate witnesses, the same fees do not apply, and the witnesses appear to have relevant information. Henry should contact these witnesses and inform the court and defendants whether they agree to testify voluntarily. Henry should also include these proposed witnesses on his forthcoming witness list. Depending on what Henry submits as well as defendants' input, I will consider whether to issue a subpoena and whether to have them testify either in court or by videoconference.

Henry says that he needs to call expert witnesses but does not know how to do so. Dkt. 50, at 1. I have already extended Henry's deadline to disclose expert witnesses, *see* Dkt. 29, but that deadline has long passed, so he cannot call an expert. In any event, this case seems unlikely to hinge on expert testimony. The key issue is whether Henry's surgical stitches had popped: Henry says that defendants told him that they did, while defendants now say that the stitches were intact. Henry should focus on providing whatever evidence he has to

show that his stitches indeed popped. If he can prove that, he should be able to make the case for defendants' deliberate indifference without the aid of an expert.

Henry again asks for the court to recruit him counsel to represent him at trial. Dkt. 50 and Dkt. 52. He says that he has little legal knowledge and that he is currently taking Prozac, which limits his cognitive abilities. He also states that he is unsure whether he will be ready by the June 3 trial date.

I previously denied Henry's motions to recruit him in part because I was not convinced that the case would be too complex to handle. Nothing in his new filings changes my previous analysis. This is a relatively simple case. It is common for pro se litigants in this court to be receiving mental health treatment, and he does not provide enough detail about his medication's effect on him to be able to assess his capabilities. Henry's filings have been relatively focused and understandable and do not in themselves give me reason to consider recruiting counsel for him.

Henry's lack of legal knowledge is common, and this court has procedures to assist pro se litigants understand how to prepare for and conduct a trial. I urge him to review the court's preliminary pretrial and trial preparation orders because they should answer questions he has about his preparations. Also, I will hold two conferences before the June 3 trial date: on May 22 I will explain further how the trial will proceed and I will field questions from the parties, and on May 30 I will discuss my rulings on various pretrial matters.

ORDER

IT IS ORDERED that:

1. The clerk of court is directed to send plaintiff Marcus Henry a copy of the court's order denying defendants' motion for summary judgment and the trial preparation order, Dkt. 45 and Dkt. 46.

2. Plaintiff's motion for subpoenas, Dkt. 51, is DENIED without prejudice.

3. Plaintiff's motion for the court's assistance in recruiting him counsel, Dkt. 50 and Dkt. 52, is DENIED without prejudice.

Entered May 14, 2019.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge