IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MARCUS HENRY,

                    Plaintiff,

  v.

ANGELA STETTER and JAMIE BARKER,

                    Defendants.

ORDER TO SHOW CAUSE

17-cv-673-jdp

---

This case was tried to a jury on June 3 and 4, 2019, with the jury finding in favor of defendants. After closing arguments, I stated that I would provisionally grant defendants' motion to dismiss the case as a sanction for Henry's misconduct throughout the proceedings, particularly for his disrespectful and obscene remarks made to defense counsel during defendants' closing. Because the jury returned a verdict for defendants, the sanction of dismissal would have no consequence. So after the verdict, I stated that I would impose a different sanction against him. But before I impose any additional sanction, I will give Henry an opportunity to show cause why I should not sanction him.

The conduct that I conclude is sanctionable includes repeated instances in which Henry accused witnesses of lying. Henry's accusations, made loudly and in front of the jury, were groundless. But even if Henry had a basis to impeach the testimony, such argumentative accusations are inappropriate. Henry also accused the court, again in front of the jury, of trying to assist the defense at his expense. This accusation was also groundless and disrespectful. These acts of disrespect carried their own penalties, because they certainly undermined Henry's credibility with the jury.

Henry's most egregious conduct occurred during defendants' closing argument, made by attorney Katherine Polich. Henry objected to attorney Polich's characterization of a document by accusing counsel of lying. At sidebar, I considered Henry's objection. I determined that it was groundless, and I overruled it. Henry muttered under his breath while walking back to the counsel table, and he continued to mutter intermittently during the rest of the closing. Henry's obscene muttering was audible to those listening to the proceeding in chambers, although it is not clear whether the jury heard him. Henry made additional disruptive outbursts, which prompted me to threaten to have him removed from the courtroom. After the jury was sent out to deliberate, defense attorney Rachel Bachhuber informed the court that Henry had, using obscene language that I will not quote, called defense counsel liars.

Henry's hostile, disrespectful outbursts, and his under-his-breath obscenities, all directed at counsel, defendants, and the proceedings themselves, have no place in any judicial proceeding.

The sanction I am considering is the following: Henry would be barred from bringing civil-rights lawsuits *in forma pauperis*. That is, Henry could not file a lawsuit without prepaying the entire $400 filing fee for that lawsuit. The only exception to this filing bar would be that he could seek leave to proceed *in forma pauperis* in cases in which he alleges that he is in imminent danger of serious physical harm. To meet the imminent-danger requirement, he would need to allege a physical injury that is imminent or occurring at the time the complaint is filed and show that the threat or prison condition causing the physical injury is "real and proximate." *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (citing *Heimermann v. Litscher*, 337 F.3d 781 (7th Cir. 2003); *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002)).

Henry would be allowed to file petitions for writ of habeas corpus or materials in cases in which he is a criminal defendant, subject of course to the general rules governing such cases.

ORDER

IT IS ORDERED that plaintiff Marcus Henry has until June 19, 2019, to respond to this order by explaining why he should not be sanctioned as proposed above. If Henry does not respond to this order by the deadline, the sanction will be imposed effective immediately.

Entered June 6, 2019.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge