IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MARCUS HENRY,

                            Plaintiff,                                    ORDER

            v.

ANGELA STETTER and JAMIE BARKER,                              17-cv-673-jdp

                            Defendants.

---

During the trial of this case, plaintiff Marcus Henry behaved badly. Henry repeatedly accused witnesses of lying, accused the court of trying to assist the defense at his expense, made disrespectful and obscene remarks to defense counsel during defendants' closing, and muttered obscenities under his breath after I overruled his objection to counsel's characterization of a document at closing. After closing arguments, I indicated that I would grant defendants' motion to dismiss the case as a sanction for Henry's misconduct throughout the proceedings, depending on the jury verdict.

The jury returned a verdict for defendants, which means that the sanction of dismissal would have no consequence. So after the verdict, I proposed barring Henry from bringing civil-rights lawsuits in forma pauperis in this court, with an exception for cases in which he alleges that he is in imminent danger of serious physical harm. *See* Dkt. 76. I gave Henry an opportunity to show cause why I should not impose this sanction. *Id.*

Henry has responded, Dkt. 77, admitting that "[t]here was a lot of inappropriate behavior on [his] part." Henry apologizes to the court for his outbursts. He says that although he doesn't mean to make excuses, he takes Prozac for depression and bipolar disorder, and that

the medication can affect his behavior and thinking. He also says that he was not aware that a lawyer can't call a witness a liar, and he doesn't know the proper way to impeach a witness.

I appreciate Henry's apology, and his acknowledgement that he behaved inappropriately. But I am not persuaded by his explanations. Many of the pro se litigants who appear at trial in this court are conducting a civil trial for the first time, and many have mental health issues. But nearly all first-time litigants manage to proceed in a respectful manner. Henry's actions cannot be attributed to inexperience or a failure to understand proper impeachment technique. I presided over the trial, so I observed Henry's conduct first-hand. He was not out of control. He brazenly and repeatedly made disrespectful and obscene remarks. Despite warnings from the court, he was persistently disrespectful to opposing counsel and the court whenever things did not go his way. Henry and other litigants should know that unacceptable behavior will have consequences.

Henry says that the sanction "would make [him] vulnerable to all kinds of treatment from prison staff," but that's not true. The Department of Corrections internal prison grievance system remains open to him, and he may still proceed in forma pauperis in imminent-danger cases.

I will impose the sanction announced in my previous order, but it is not necessarily permanent. For two years, Henry will be barred from proceeding in forma pauperis in civil-rights lawsuits in this court. That is, Henry cannot file a lawsuit here without prepaying the entire $400 filing fee. The only exception to this filing bar is that he may seek leave to proceed in forma pauperis in cases in which he alleges that he is in imminent danger of serious physical harm. To meet the imminent-danger requirement, he would need to allege a physical injury that is imminent or occurring at the time the complaint is filed and show that the threat or

prison condition causing the physical injury is "real and proximate." *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (citing *Heimermann v. Litscher*, 337 F.3d 781 (7th Cir. 2003); *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002)). Henry is also allowed to file petitions for writ of habeas corpus or materials in cases in which he is a criminal defendant, subject to the general rules governing such cases.

After June 13, 2021, which is two years from the date of judgment in this case, Henry may petition the court to modify or rescind this sanction order. If Henry files such a petition, he should be prepared to show that he has not earned any strikes under 28 U.S.C. § 1915(g) and that he has engaged in no other litigation misconduct.

ORDER

IT IS ORDERED that plaintiff Marcus Henry is sanctioned as stated in the opinion above.

Entered January 21, 2020.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge